_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD

MAY 1 1 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KATHY SHANNON, | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:11-CV-908-RCJ-WGC |
| RECONTRUST COMPANY, | ) | **ORDER** |
| Defendant. | ) | |

Currently before the Court are a Motion for Entry of Clerks Default (#4) and two Motions to Dismiss (#7, 20). The Court heard oral argument on April 23, 2012.

## BACKGROUND

Plaintiff Kathy Shannon ("Plaintiff") seeks to recover damages that she incurred during her loan modification process from Defendant ReconTrust Company ("ReconTrust"). (Am. Compl. (#11) at ¶¶ 26-30). Plaintiff's complaint is premised on the theory that ReconTrust, the foreclosure trustee, is liable to her for the damages she incurred when: (1) she legally separated from her husband because her "mortgage servicer" advised her that legal separation would qualify her for a loan modification; and (2) when another lender mistakenly placed a "Notice to Quit" on her door, causing her to temporarily relocate. (*Id.* at ¶¶ 13, 20, 23-30).

On July 22, 2003, Plaintiff and her husband executed a note secured by a deed of trust for property located at 9042 Turbine Way, Reno, Nevada 89506. (Mot. to Dismiss (#20) at Ex. A). Ameriquest Mortgage Company was listed as the lender and beneficiary, and Town and Country Title Services, Inc. ("Town and Country") was listed as the trustee. (*Id.*) Sometime

1   later, Plaintiff and her husband defaulted on the loan. (Am. Compl. (#11) at ¶ 9). ReconTrust

2   filed a "Notice of Default and Election to Sell" on May 7, 2009. (Mot. to Dismiss (#20) at Ex.

3   B). On May 8, 2009, ReconTrust was substituted as the trustee by Mortgage Electronic

4   Registration Systems, Inc.[1] (Id. at Ex. C). The deed of trust was assigned to BAC Home

5   Loans Servicing, LP on February 17, 2011, by Mortgage Electronic Registration Systems, Inc.,

6   with ReconTrust remaining as trustee. (Id. at Ex. D.) On February 18, 2011, ReconTrust filed

7   a "Notice of Trustee's Sale." (Id. at Ex. E).

8          Although unclear when, Plaintiff alleges that at some point she entered into loan

9   modifications with her "mortgage servicer.[2]" (Am. Compl. (#11) at ¶ 11). Plaintiff attempted

10   to make a payment on her loan in February of 2011, which was rejected. (Id. at ¶ 19). In April

11   of 2011, Plaintiff was granted her loan modification[3] by her "mortgage servicer" after she

12   legally separated from her husband. (Id. at ¶¶ 15, 17). ReconTrust then filed a "Recission of

13   Election to Declare Default" on April 28, 2011. (Mot. to Dismiss (#20) at Ex. F).

14          However, in May of 2011, a "Notice to Quit" was erroneously placed on Plaintiff's door

15   by a different lender, Fannie Mae. (Am. Compl. (#11) at ¶ 20). Plaintiff vacated her property

16   and leased a new residence which did not "adequately accommodate her family or her

17   disabled, adult son." (Id. at ¶ 24). Upon realizing Fannie Mae's mistake, Plaintiff returned to

18   her home. (Id. at ¶ 30).

19          On November 18, 2011, Plaintiff filed a complaint in state court against ReconTrust,

20   alleging: (1) breach of contract; (2) breach of the implied covenant of good faith and fair

21   dealing; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional

22   distress; and (5) declaratory judgment as to "the status of the parties and their legal

23   relationship." (Pet. for Removal (#1) at Ex. 1). ReconTrust removed the case to federal court

24

25   [1] Ameriquest Mortgage Company closed its operations in 2008. See (Am. Compl.
    (#11) at ¶ 7). Although neither party presents proof of an assignment, it appears that
26   Mortgage Electronic Registration Systems, Inc., was at some point substituted in as
    beneficiary. See (Mot. to Dismiss (#20) at Ex. C).

27   [2] Plaintiff never provides the identity of the "mortgage servicer." See (Am. Compl.
    (#11)); (Opp'n (#12)); (Opp'n (#21)).

28   [3] At oral argument, Plaintiff stated that there was no written loan modification.

2

1 on December 21, 2011 and attached a copy of Plaintiff's complaint. (*Id.*)  Plaintiff filed a

2 motion for default judgment on December 23, 2011, (Mot. for Default (#4)), and ReconTrust

3 filed its opposition on the same date. (Opp'n (#6)).

4        ReconTrust moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6)

5 on December 25, 2011.  (Mot. to Dismiss (#7)).  On January 9, 2012 Plaintiff filed both an

6 opposition to the motion to dismiss, (Opp'n (#12)), and an amended complaint.  (Am. Compl.

7 (#11)).  ReconTrust filed its reply to its first motion to dismiss on January 19, 2012.  (Opp'n

8 (#18)). ReconTrust then moved to dismiss Plaintiff's amended complaint on February 1, 2012.

9 (Mot. to Dismiss (#20)).  Plaintiff filed her opposition on February 17, 2012.  (Opp'n (#21)).

10 ReconTrust filed its reply on February 27, 2012.  (Reply (#23)).

11                                  **LEGAL STANDARD**

12        When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

13 court must accept as true all factual allegations in the complaint as well as all reasonable

14 inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150,

15 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the

16 nonmoving party. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000).  Generally, the

17 court should only look to the contents of the complaint during its review of a 12(b)(6) motion

18 to dismiss.  However, the court may consider documents attached to the complaint or referred

19 to in the complaint whose authenticity no party questions. *Id.; see Durning v. First Bos. Corp.,*

20 815 F.2d 1265, 1267 (9th Cir. 1987).

21        The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test

22 the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  The

23 issue is whether a claimant is entitled to offer evidence to support the claims, not whether the

24 claimant will ultimately prevail. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)

25 (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed

26 factual allegations; "rather, it must plead 'enough facts to state a claim for relief that is

27 plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)

28 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167

3

L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend where there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

### I.   Motion for Default (#4)

Plaintiff moved for default judgment on December 23, 2011, after Recontrust removed the case to federal court without filing an answer to Plaintiff's complaint. (Mot. for Default (#4)); (Aff. (#5)). However, Plaintiff subsequently filed an amended complaint on January 9, 2012 in this Court. (Am. Compl. (#11)). Accordingly, this Court denies the motion for default as moot.

///

**II.     Motion to Dismiss (#7)**

ReconTrust moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on December 25, 2011. (Mot. to Dismiss (#7)). However, Plaintiff filed an amended complaint on January 9, 2012. (Am. Compl. (#11)). Accordingly, this Court denies the motion to dismiss as moot.

**III.    Motion to Dismiss (#20)**

ReconTrust argues that Plaintiff's amended complaint should be dismissed because: (1) ReconTrust, as a foreclosure trustee, owes no duty to Plaintiff; and Plaintiff cannot state a claim for (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) emotional distress; or (5) declaratory relief. (Mot. to Dismiss (#20) at 5-8). Each argument will be discussed in turn.

**A.     Duty**

ReconTrust argues that Plaintiff's amended complaint should be dismissed because Recontrust, as a foreclosure trustee, owes no duty to Plaintiff. (*Id.* at 5). A foreclosing trustee in a foreclosure proceeding has a duty of care to the trustor; however, "the scope of the duty is circumscribed by the statutes governing the foreclosure" and no other common law duties exist. *Weingartner v. Chase Home Fin., LLC,* 702 F. Supp. 2d 1276, 1290 (D. Nev. 2010). This is because a trustee in a nonjudicial foreclosure "is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary." *Hendrickson v. Popular Mortg. Serv. Inc.,* No. C 09-00472-CW, 2009 WL 1455491, at *7 (N.D. Cal. May 21, 2009). Therefore, whether a trustee owes a duty depends upon whether the trustee has complied with NRS § 107.080 *et seq. Weingartner,* 702 F. Supp. 2d at 1290. "As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee" the trustee has complied with NRS § 107.080 *et seq. Gomez v. Countrywide Bank, FSB,* No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650, at *2 (D. Nev. Oct. 26, 2009).

///

///

5

Plaintiff is correct when she argues that ReconTrust breached its statutory duty to her. (Opp'n (#21) at 7).[4]   ReconTrust filed the "Notice of Default" on May 7, 2009, one day prior to its substitution as trustee on May 8, 2009. *See* (Mot. to Dismiss (#20) at Exs. B-C). However, this breach is irrelevant for two reasons. First, it is moot because ReconTrust rescinded its "Notice of Default." *See (id.* at Ex. F). Second, Plaintiff seeks to hold ReconTrust liable for various common law claims, and not for wrongful or defective foreclosure. *See* (Am. Compl. (#11)). This Court has consistently held that a foreclosure trustee has no other common law duty to a trustor. *See Weingartner,* 702 F. Supp. 2d at 1290; *Gomez,* 2009 WL 3617650 at *2. As such, ReconTrust does not owe a duty to Plaintiff.

**B.      Breach of Contract**

Recontrust next argues that Plaintiff's breach of contract claim should be dismissed because ReconTrust never entered into a contract with Plaintiff. (Mot. to Dismiss (#20) at 6). To state a claim for breach of contract, Plaintiff must allege: "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from the defendant's breach." *Keife v. Metro. Life Ins. Co.,* 797 F. Supp. 2d 1072, 1076 (D. Nev. 2011).

Plaintiff likely cannot state a claim for breach of contract because there does not appear to be a contract between Plaintiff and ReconTrust. Although Plaintiff alleges that ReconTrust negotiated the loan modification, (Opp'n (#21) at 9), her complaint never names ReconTrust as the "mortgage servicer." *See* (Am. Compl. (#11)). Furthermore, ReconTrust is not the lender, and could not negotiate a loan modification because ReconTrust is the foreclosing trustee. *See* (Mot. to Dismiss (#20) at 6). As such, Plaintiff fails to allege that a valid contract existed between Plaintiff and ReconTrust to support her breach of contract claim. Accordingly, this Court grants the motion to dismiss this claim without leave to amend.[5]

---

[4]  Plaintiff also argues that ReconTrust owed a duty to her because it held itself out as the principal. (Opp'n (#21) at 6-8). However, Plaintiff alleges no incidents in which ReconTrust communicated directly with her, nor is there any evidence presented by either party suggesting that ReconTrust in any way indicated that it had authority to act as more than a foreclosure trustee by negotiating a loan modification. *See* (Opp'n (#21)); (Am. Compl. (#11)).

[5]  Plaintiff also argues that she has stated a claim for breach of contract because: (1) her February 2011 payment was rejected; and (2) ReconTrust breached its statutory duties to her. (Opp'n (#21) at 9). However, Plaintiff's own complaint states that her loan modification

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing

Similarly, ReconTrust argues that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because there was no contract between ReconTrust and Plaintiff. (Mot. to Dismiss (#20) at 7). In Nevada, every contract contains an implied covenant of good faith and fair dealing. *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9 (Nev. 1989). A claim for breach of the implied covenant of good faith and fair dealing may be based in tort or contract law. *Turk v. TIG Ins. Co.*, 616 F. Supp. 2d 1044, 1053 (D. Nev. 2009). Such a claim "sounds in tort when a special element of reliance or fiduciary duty exists between the parties." *Id.* at 1054. Tort claims for the breach of the implied covenant only exist in "rare and exceptional cases." *Id.*

Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing in either tort or contract. First, as noted above, Plaintiff cannot state this claim in contract because there was no contract between ReconTrust and Plaintiff. *See Straznicky v. Desert Springs Hosp.*, 642 F. Supp. 2d 1238, 1243 (D. Nev. 2009) (dismissing a claim for breach of the implied covenant against a defendant because plaintiff never entered into an agreement with the defendant). Second, Plaintiff cannot state this claim in tort because she cannot prove special reliance on ReconTrust's actions absent a contract or negotiations between Plaintiff and ReconTrust. *See* (Mot. to Dismiss (#20) at 6)). Finally, as noted above, Plaintiff cannot state this claim in tort because there is no fiduciary relationship between ReconTrust, as foreclosure trustee, and Plaintiff. *See Weingartner*, 702 F. Supp. 2d at 1290. Accordingly, this Court grants the motion to dismiss this claim without leave to amend.

### D. Emotional Distress

ReconTrust next argues that Plaintiff's claims for intentional and negligent infliction of emotional distress should be dismissed because: (1) Plaintiff cannot prove that ReconTrust engaged in extreme and outrageous behavior; and (2) Plaintiff has not pled physical impact

---

was not granted until April of 2011, *see* (Am. Compl. (#11) at ¶ 15, 17), and there are no allegations that ReconTrust was the party that rejected the payment. *See (id.)* Furthermore, breach of a statutory duty cannot breach a contract where no contract exists. *See Keife*, 797 F. Supp. 2d at 1076 (breach of contract actions require a "valid existing contract"). As such, Plaintiff has failed to state a claim for breach of contract.

or injury. (Mot. to Dismiss (#20) at 7-8).  To state a claim for intentional infliction of emotional distress, Plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff having suffered severe or extreme emotional distress; and (3) actual or proximate causation."  *Dillard Dep't Stores, Inc. v. Beckwith,* 989 P.2d 882, 886 (Nev. 1999).  Extreme and outrageous conduct is conduct which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car,* 953 P.2d 24, 26 (Nev. 1998) (quotations omitted).  Although Nevada has not specifically set forth the elements of a negligent infliction of emotional distress claim, a plaintiff may also recover damages for negligent infliction of emotional distress.  *Shoen v. Amerco, Inc.,* 896 P.2d 469, 477 (Nev. 1995).  However, to recover for emotional distress the plaintiff must plead either a physical impact, or "severe emotional distress" resulting in a physical manifestation. *Barmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1387 (Nev. 1998).  Plaintiff cannot state a claim for emotional distress because: (1) ReconTrust did not engage in extreme and outrageous conduct; (2) there is no causal connection between ReconTrust and the conduct alleged; and (3) Plaintiff has not pled physical impact or harm.

First, ReconTrust is correct when it argues that Plaintiff cannot prove extreme and outrageous conduct.  (Mot. to Dismiss (#20) at 7-8).  To the extent that Plaintiff alleges the "extreme and outrageous" conduct was the filing of the "Notice of Default," her claim fails because Plaintiff admits that the information contained in the notice was not false and concedes that she was in default.  *See* (Am. Compl. (#11) at ¶ 9).  Furthermore, ReconTrust rescinded the "Notice of Default" once Plaintiff was granted her loan modification.  (Mot. to Dismiss (#20) at Ex. F).  Such behavior is not "outside all possible bounds of decency and utterly intolerable in a civilized society." *See Maduike,* 953 P.2d at 26.

Second, Plaintiff cannot establish a causal connection between ReconTrust and the other "extreme and outrageous" conduct alleged.  Plaintiff argues that the "extreme and outrageous" conduct at issue in this case is the mortgage servicer's actions in: (1) advising her to get a divorce in contravention of the "strong public policy favoring marriage;" (2) failing to

advise her of the legal ramifications of obtaining a divorce; (3) rejecting the loan payments; and (4) being forced to relocate.  (Opp'n (#21) at 10).  As discussed above, ReconTrust, the foreclosure trustee, was not the mortgage servicer and did not advise Plaintiff to obtain a divorce.  *See* (Mot. to Dismiss (#20) at 7).  In addition, ReconTrust was not the party who rejected Plaintiff's February 2011 payment because ReconTrust was not the lender or mortgage servicer, *see* (*id.*), Plaintiff's complaint does not allege that ReconTrust was the party who rejected her February 2011 payment, *see* (Am. Compl. (#11) at ¶ 19), and Plaintiff was not granted her loan modification until April of 2011.  *See* (*id.* at ¶¶ 15, 17).  Finally, Plaintiff admits that the "Notice to Quit" was mistakenly placed on her door by an agent of Fannie Mae and not ReconTrust.  *See* (*id.* at ¶¶ 21-25, 30).  As such, Plaintiff cannot establish a causal connection between ReconTrust and the alleged extreme and outrageous conduct.

Lastly, ReconTrust is also correct that Plaintiff's emotional distress claims should be dismissed because she has not pled physical impact or injury.  (Mot. to Dismiss (#20) at 8). Although the Nevada Supreme Court has relaxed the physical impact requirement for certain claims, it has specifically held that the requirement will not be relaxed in real estate lending transaction claims.  *See Betsinger v. D. R. Horton, Inc.,* 232 P.3d 433, 436 (Nev. 2010) (holding that a claim for deceptive trade practices arising from failed real estate and lending transactions was not exempted from the physical impact requirement).  Plaintiff has not pled physical impact or harm, *see* (Am. Compl. (#11)), and as such, has not stated a claim for emotional distress.  Accordingly, this Court grants the motion to dismiss this claim without leave to amend.

### E.  Declaratory Relief

Finally, ReconTrust argues that this Court should dismiss Plaintiff's claim for declaratory relief because declaratory judgment is a remedy, and therefore may not be asserted as a distinct cause of action.  (Mot. to Dismiss (#20) at 8).  However, NRS § 30.040 provides that "any person interested under a . . . written contract or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status or other legal relations thereunder."  NRS § 30.040(1).

9

As such, Plaintiff is correct when she argues that, under Nevada law, declaratory relief may be asserted as a separate claim.  (Opp'n (#21) at 11).

Regardless, Plaintiff has failed to state a claim for declaratory relief under NRS § 30.040 because, as noted above, she was not a party to "a written contract" with ReconTrust. Furthermore, in Nevada "declaratory relief is only available if: (1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cnty. of Clark v. Upchurch,* 961 P.2d 754, 756 (Nev. 1998).  Here, as noted above, there is no "justiciable controversy" between Plaintiff and ReconTrust because Plaintiff has not sufficiently stated any of her claims against ReconTrust. Accordingly, this Court grants the motion to dismiss this claim without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Default (#4) is DENIED as moot.

IT IS ORDERED that Defendant Recontrust's Motion to Dismiss (#7) is DENIED as moot.

IT IS ORDERED that Defendant Recontrust's Motion to Dismiss (#20) is GRANTED in its entirety without leave to amend.  The Clerk of the Court shall enter judgment accordingly.

IT IS ORDERED that Plaintiff may have leave to amend her complaint to add Fannie Mae as a defendant.

DATED:  This 11th day of May, 2012.

United States District Judge