# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KATHY SHANNON, | ) |
|     Plaintiff, | ) |
| v. | )    3:11-cv-908-RCJ-WGC |
| FANNIE MAE et al., | )    **ORDER** |
|     Defendant. | ) |

Currently before the Court is Fannie Mae's Motion to Dismiss Second Amended Complaint (#33).

## BACKGROUND

In January 2012, Plaintiff Kathy Shannon filed a First Amended Complaint against Recontrust Company ("Recontrust"). (First Am. Compl. (#11) at 1). In that complaint, Plaintiff alleged five causes of action against Recontrust: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing; (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, and (5) declaratory judgment. (*Id.* at 5-6). Plaintiff alleged that Recontrust was liable for damages she had incurred when: (a) she legally separated from her husband because her unidentified "mortgage servicer" had advised her that legal separation would qualify her for a loan modification and (b) when Fannie Mae mistakenly placed a "Notice to Quit" on her door causing her to temporarily relocate. (*See* Order (#26) at 1-2). In May 2012, this Court granted Recontrust's motion to dismiss the complaint in its entirety without leave to amend but permitted Plaintiff to amend her complaint to add Fannie Mae as a defendant. (*Id.* at 10).

In May 2012, Plaintiff filed a second amended complaint against the Federal National Mortgage Association ("Fannie Mae"). (Second Am. Compl. (#28) at 1). The complaint alleged the following. Plaintiff and her then-husband had entered into a deed of trust with Ameriquest Mortgage on July 22, 2003 to purchase their primary home. (*Id.* at 2). In 2011, they defaulted and negotiated a loan modification agreement with their lender. (*Id.*). On April 28, 2011, Recontrust recorded a rescission of the notice of default. (*Id.*). On May 23, 2011, McCarthy & Holthus, LLP prepared a "3-day notice to quit," pursuant to NRS § 40.255, for Fannie Mae. (*Id.*). The 3-day notice to quit was served on Plaintiff along with a relocation assistance agreement, release of all claims, and a W9 form. (*Id.*). The notice also included a document entitled "Fannie Mae, Knowing Your Options" which informed Plaintiff that her home was owned by Fannie Mae and offered her assistance in moving out. (*Id.*). Alarmed by the notice, Plaintiff and her family made arrangements to relocate. (*Id.*). Her new residence was "a very small, rental property which could not adequately accommodate her family or her disabled adult son." (*Id.* at 2-3). Plaintiff had entered into a lease agreement for the rental property. (*Id.*). Upon learning that her property was not in foreclosure and had not been sold to Fannie Mae, Plaintiff and her family returned to their home. (*Id.* at 3). Plaintiff incurred damages for their interim residence and the cost of moving her family twice. (*Id.*). Because Plaintiff believed she had been evicted from her home, she stopped paying her mortgage and fell behind in her payments. (*Id.*). The eviction had caused her to default and incur damages. (*Id.*).

The complaint alleged one cause of action for "wrongful eviction in violation of NRS § 40.255." (*Id.*). The complaint alleged that McCarthy Holthus, for Fannie Mae, relied upon NRS § 40.255 for its authority to evict Plaintiff. (*Id.*). Plaintiff's home had not been foreclosed upon at the time the eviction notice had been served because the foreclosure process had ceased approximately one month beforehand. (*Id.*). Plaintiff sustained damages as a result of Defendant's actions. (*Id.*). Plaintiff sought damages, attorneys' fees and costs, and punitive damages. (*Id.*).

The pending motion now follows.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; see *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

1  enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

2      If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Fannie Mae moves to dismiss the second amended complaint because Plaintiff fails to state a claim under NRS § 40.255. (Mot. to Dismiss (#33) at 1). Fannie Mae asserts that there is no private right of action under that statute. (*Id.* at 4). Fannie Mae argues that under the statutory scheme Plaintiff's remedy was to file an affidavit with the state justice court contesting the 3-day notice. (*Id.*). Fannie Mae argues that there is a wrongful eviction cause of action under NRS § 118A.390 but that Plaintiff fails to state a claim because (a) Fannie Mae and Plaintiff were not in a landlord-tenant relationship; (b) Plaintiff was not removed from the property, denied access to the property, or locked out of the property; and (c) Plaintiff voluntarily left the property. (*Id.* at 4-5).

In response, Plaintiff argues that Fannie Mae negligently misrepresented to Plaintiff that her property had been foreclosed upon, that it owned Plaintiff's property, and that Plaintiff and her family were required to leave the premises. (Opp'n to Mot. to Dismiss (#35) at 2). Plaintiff argues that this misrepresentation supports her claim. (*Id.*). Plaintiff contends that her claim is for negligent misrepresentation that Fannie Mae had the authority under NRS § 40.255 to evict her. (*Id.* at 4). Plaintiff argues that she justifiably relied on Fannie Mae's 3-day notice to quit and that, but for Fannie Mae's actions, she would not have moved out of her residence or stopped paying her mortgage. (*Id.* at 5). Plaintiff states that the wrongful act in question was not the eviction itself because "it clearly was not under NRS § 40.255, which requires a

4

foreclosure to have actually taken place." (*Id.*). Plaintiff contends that she suffered damages from Fannie Mae wrongfully and negligently serving her with a 3-day notice. (*Id.* at 6).

In reply, Fannie Mae notes that Plaintiff concedes that her NRS § 40.255 claim fails and that she tries to raise the un-pled claim of negligent misrepresentation. (Reply to Mot. to Dismiss (#36) at 3). Fannie Mae argues that this Court should not grant Plaintiff leave to file a third amended complaint based on futility. (*Id.* at 4). Fannie Mae argues that Plaintiff's negligent misrepresentation claim would fail because the parties were not in a business or commercial transaction. (*Id.*).

The Court notes that Plaintiff has abandoned her NRS § 40.255 claim in her response and, instead, wants to plead a claim for negligent misrepresentation. As such, the Court grants Fannie Mae's motion to dismiss the second complaint which attempted only to state a cause of action under NRS § 40.255.

However, this Court grants the motion to dismiss with leave to amend. The definition of the tort of negligent misrepresentation is "[o]ne who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). Lack of justifiable reliance bars recovery. *Collins v. Burns*, 741 P.2d 819, 821 (Nev. 1987) (defining justifiable reliance for intentional misrepresentation). Justifiable reliance does not impose a duty to investigate absent any facts to alert the defrauded party his reliance is unreasonable. *Id.* "The test is whether the recipient has information which would serve as a danger signal and a red light to any normal person of his intelligence and experience." *Id.*

In this case, the Court finds that Plaintiff could state a claim for negligent misrepresentation upon amendment. The Court notes that Fannie Mae asserted a business relationship between the parties in the notice to quit. The Court grants Plaintiff leave to file a third amended complaint against Fannie Mae for the tort of negligent misrepresentation.

5

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Fannie Mae's Motion to Dismiss the Second Amended Complaint (#33) is GRANTED with leave to amend.

IT IS FURTHER ORDERED that Plaintiff has leave to file a third amended complaint against Fannie Mae for negligent misrepresentation. Plaintiff shall file the third amended complaint within 20 days of this order.

DATED: This 24th day of January, 2013.

_____
United States District Judge